# United States District Court
# Central District of California

| | |
|---|---|
| MYNOR F. PORTILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>ICON HEALTH & FITNESS, INC., et al.,<br><br>    Defendants. | Case No. 2:19-cv-01428-ODW(PJWx)<br><br>**ORDER DENYING DEFENDANT ICON HEALTH & FITNESS, INC.'S MOTION TO DISMISS THE COMPLAINT UNDER RULE 12(b)(6) [11]** |

## I. INTRODUCTION

This matter comes before the Court on Defendant ICON Health & Fitness, Inc.'s Motion to Dismiss the Complaint Under Rule 12(b)(6). (ECF No. 11.) For the following reasons, the Court **DENIES** Defendant's Motion.[1]

## II. BACKGROUND

On February 26, 2019, Plaintiff Mynor F. Portillo filed a putative class action against ICON and other unnamed Defendants. (Compl., ECF No. 1.) Portillo alleges a single cause of action under California Penal Code ("CPC") section 632.7 (part of

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

California's Invasion of Privacy Act or "CIPA"), which prohibits the recording of certain communications without the consent of all parties involved. (Compl. ¶¶ 20-24.) Portillo seeks to represent a class of "[a]ll persons located in California whose wireless telephone conversations with Defendant were intentionally recorded without disclosure by Defendant at any time during the statute of limitations period through the date of final judgment in this action." (Compl. ¶ 11.)

Portillo alleges that he called ICON from a wireless telephone in California sometime in April 2018. (Compl. ¶ 7.) He spoke to an ICON representative who identified himself as "Scott." (*Id.*) Portillo alleges that ICON recorded the call without his knowledge and authorization. (Compl. ¶ 8.) He expected that the call would be private given that ICON did not disclose that it would be recorded or ask Portillo for his consent to record it. (Compl. ¶ 10.) In fact, he alleges that ICON's practice is to record all incoming calls without ever seeking consent or informing callers of the recording. (Compl. ¶ 9.)

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. REQUESTS FOR JUDICIAL NOTICE

Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting the motion into one for summary judgment. *Lee*, 250 F.3d at 688-89. Federal Rule of Evidence 201 provides: "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citation omitted).

In support of its Motion to Dismiss and Reply, ICON requests that the Court take judicial notice of several court documents from other cases, as well as some legislative history materials. (*See* Reqs. for Judicial Notice ("RJN"), ECF Nos. 12, 15.) Portillo objects to ICON's requests for three main reasons. First, Portillo argues that his involvement in other cases is irrelevant to ICON's conduct in this action. (*See* Pl.'s Written Objs. to Evid., ECF No. 13-1, at 2.). Second, Portillo objects to judicial notice of the trial court order in *Granina v. Eddie Bauer, LLC*, No. BC569111, 2015 WL 9855304 (Cal. Super. Ct. Dec. 2, 2015), arguing that the Court should not

consider it at all. (*See id.* at 2-3.) Third, Portillo argues that legislative history is irrelevant because the statute in question is unambiguous. (*See id.* at 3-5; Pl.'s Objs. to Def.'s Suppl. RJN ISO Reply, ECF No. 16.)

Although each the Exhibits is subject to judicial notice, the Court agrees that most of them are irrelevant to the resolution of the instant Motion to Dismiss. Exhibits A-H contribute nothing to the analysis of the parties' substantive claims for and against dismissal. Similarly, the legislative history in Exhibits J and 1-3 is unnecessary where, as here, the Court finds that the statute in question is unambiguous. *See Infra* Part V.A; *On-Line Power, Inc. v. Mazur*, 149 Cal. App. 4th 1079, 1085 (2007) ("Our primary purpose is to determine the intent of the Legislature, and if the words of a statute are unambiguous, there is no need for construction."). On the other hand, Portillo's arguments against judicial notice of the trial court decision in *Granina v. Eddie Bauer, LLC* are misplaced. The Court can judicially notice the *Granina* order (Ex. I) and consider its persuasive merits, if any, in deciding the Motion. Accordingly, ICON's request for judicial notice of Exhibit I is **GRANTED**. All other requests are **DENIED**.

## V. DISCUSSION

ICON moves to dismiss Portillo's Complaint on the grounds that Portillo: (1) cannot state a claim under CPC section 632.7; (2) does not have standing to pursue his section 632.7 claim; (3) failed to allege sufficient facts to support his claim for attorneys' fees under California Code of Civil Procedure section 1021.5; and (4) failed to allege how the proposed class is ascertainable. (Mot. 10-27.)

**A. California Penal Code Subsection 632.7(a)**

**1. Application to Parties to a Communication**

Statutory construction of California statutes begins with the language of the statute. *Delaney v. Superior Court*, 50 Cal. 3d 785, 798 (1990). If the language is clear and unambiguous, "there is not need for construction, and *courts should not*

*indulge in it.*" *Id.* at 800 (internal quotation marks omitted). CPC subsection 632.7(a) provides, in pertinent part, that:

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

ICON argues that the plain language of section 632.7 shows that it does not apply to recordings made by a party to the communication in question. (Mot. 10.) ICON cites two cases in support of its narrower reading of the statute. First, ICON relies on *Granina*, 2015 WL 9855304 (Cal. Super. Ct. Dec. 2, 2015), which held that the language of subsection 632.7(a) "appears to limit prosecution to third parties." (Mot. 11-13.) Second, ICON points to *Young v. Hilton Worldwide, Inc.*, No. CV 12-1788 R (PJWx), 2014 WL 3434117, at *1 (C.D. Cal. July 11, 2014), where the court similarly concluded that the statute "do[es] not restrict the parties to a call from recording those calls." (Mot. 13.)

The Court sees no reason to deviate from the well-established precedent rejecting ICON's narrow interpretation of section 632.7. *See, e.g.*, *Ades v. Omni Hotels Mgmt. Corp.*, 46 F. Supp. 3d 999, 1017-18 (C.D. Cal. 2014) (citing cases); *Brinkley v. Monterey Fin. Servs., LLC*, 340 F. Supp. 3d 1036, 1042-43 (S.D. Cal. 2018) (holding that the legislative history of the statute supports the interpretation that it applies to the parties of a call). ICON's main argument that the statute "applies only to defendants who 'intercept or receive' a call from a cell phone without the *consent*

of all parties" is unconvincing. (Mot. 7.) As the court in *Ades* held, "the fact that the statute uses the terms 'receives' and 'intercepts' disjunctively . . . suggests that these terms are meant to apply to distinct kinds of conduct." 46 F. Supp. 3d at 1018. The term "intercepts" most naturally refers to conduct by third parties who secretly access a communication. *See id.*; *Intercept*, Black's Law Dictionary (11th ed. 2019) ("To covertly receive or listen to (a communication)"). On the other hand, "receives" is more commonly interpreted to apply to a broader set of conduct, including access to a conversation by a known party. *See Ades*, 46 F. Supp. 3d at 1018; *Receive*, Black's Law Dictionary (11th ed. 2019) ("To take (something offered, given, sent, etc.)"). Accordingly, the Court concludes that the plain language of the statute extends to parties to a communication.

Moreover, ICON's hypotheticals are unpersuasive, especially given that it fails to cite any case law supporting them. For example, ICON claims that the majority interpretation leads to the unfair result that the initiator of a call would face no consequences for recording it without consent. (Mot. 14.) This ignores the fact that, in the context of a telephone call, a "communication" usually consists of several statements exchanged between the parties to the call. CIPA does not seek to punish individuals, including call initiators, for recording themselves in a given communication, but rather for violating the privacy of the other parties by recording *their responses*. Thus, a call initiator would also face liability for recording a communication without the consent of the other parties.

ICON also argues that, under the majority interpretation, the unintended recipient of a facsimile would be in violation of the statute based on the definition of "communication" in subsection 632.7(c)(3). (Mot. 14.) At the same time, ICON acknowledges that, by sending a communication over facsimile, a sender is essentially consenting to recording *by the equipment associated with the facsimile number used*. This is true even if the sender mistakenly uses an incorrect number. Thus, the result is the same under either interpretation of the statute: Unlike an individual who takes the

additional step of recording a call, someone who accidentally "receives" a facsimile would not be in violation of the statute because the recording is intertwined with the receipt of the communication.

Accordingly, the Court holds that CPC section 632.7 applies to ICON's alleged recording of its communications with Portillo. Because the plain language of the statute supports this interpretation, the Court declines ICON's invitation to analyze the legislative history.

### 2. Exception Under Subsection 632.7(b)(2)

Subsection 632.7(b)(2) provides an exception from liability for the "use of any instrument, equipment, facility, or service furnished and used pursuant to the tariffs of the public utility." ICON argues that Portillo's claims fall within this exception, and that he failed to allege otherwise. (Mot. 22-24.)

ICON's argument is not novel. Several courts have previously refused to read a "service-observing" exception into the statute. *See, e.g.*, *Ades*, 46 F. Supp. 3d at 1005-07 (rejecting the argument that section 632.7 "should be read as if it never applied to service monitoring"); *Sentz v. Euromarket Designs, Inc.*, No. CV 13-487 VAP (SPx), 2013 WL 12139140, at *3-5 (C.D. Cal. May 16, 2013) ("The Court is not convinced that Section 632.7 has a service-observing exception."). ICON's convoluted argument fails to address this case law, which the Court finds persuasive.

Further, the Court rejects ICON's attempt to shift its burden to Portillo. In his Complaint, Portillo alleges that ICON recorded the calls he made from his wireless telephone without his consent. (Compl. ¶¶ 7-8.) This is enough to state a section 632.7 claim. *See Sentz*, 2013 WL 12139140, at *5 ("All that Plaintiff must allege to state a Section 632.7 claim is that Defendant received her communications via calls made on her [wireless] phone, that Defendant recorded the calls, and that Defendant did so without obtaining her consent." (internal quotation marks omitted)). Nonetheless, ICON faults Portillo for failing to allege that "ICON is monitoring calls in a manner that does not fall within the jurisdiction of the Public Utilities

Commission and subject to the tariffs of the public utility." (Mot. 23-24.) But it is ICON's burden to prove that the exception applies. *Cf. Ribas v. Clark*, 38 Cal. 3d 355, 362 (1985) ("[B]ecause the complaint alleges a prima facie violation of section 631, subdivision (a), it is defendant's burden on this demurrer to show on the face of the pleadings that she comes within the exception of subdivision (b) of the statute."); *see also Sentz*, 2013 WL 12139140, at *4 (noting that defendant failed to meet its burden to prove the exception applied).

Therefore, the Court rejects ICON's argument that the exception in subsection 632.7(b)(2) applies. Portillo's section 632.7 allegations are sufficient under Federal Rule of Civil Procedure 8(a).

**B. Standing**

To satisfy the constitutional requirement of standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). In *Spokeo*, the United States Supreme Court reiterated that the injury-in-fact prong requires an injury that is both "concrete and particularized." *Id.* at 1545 (citation omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id.* at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)). Nevertheless, intangible injuries can also be concrete. *Id.* at 1549 (citing cases). "[I]t is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* (citation omitted).

ICON argues that a violation of section 632.7 by itself does not constitute a "concrete injury" after *Spokeo*. (Mot. 24.) ICON also doubts that Portillo suffered any concrete injury at all given that his allegations stem from a consensual telephone call. (*Id.*)

The Court joins the chorus of courts in this circuit that have held that CIPA

violations constitute a concrete harm required for standing. *See, e.g.*, *Zaklit v. Nationstar Mortg. LLC*, No. CV 15-2190 CAS (KKx), 2017 WL 3174901, at *13 (C.D. Cal. July 24, 2017) (compiling cases). Portillo alleges that ICON violated his privacy rights by recording their communication without his consent. This is hardly a simple statutory violation as ICON alleges. The California Constitution explicitly confers a right to privacy on California citizens, and the Supreme Court has made clear that individuals have a reasonable expectation of privacy in telephone communications. Cal. Const. art. 1, § 1; *Katz v. United States*, 389 U.S. 347, 353 (1967). Thus, unlike a violation of the Fair Credit Reporting Act at issue in *Spokeo*, a CIPA violation falls within the type of violations of a procedural right granted by statute for which a plaintiff need not allege any *additional* harm beyond the invasion of that right. *See Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. CV 14-751 GPC (DHB), 2016 WL 3543699, at *8 (S.D. Cal. June 29, 2016) (citing *Spokeo*, 136 S. Ct. at 1549) ("Compared to *Spokeo*, a violation of the CIPA involves more tangible rights than a technical violation of the Fair Credit Reporting Act of 1970 (FRCA)."); Cal. Penal Code § 637.2(c) ("It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages."). Accordingly, the Court finds that Portillo has alleged a concrete injury required for Article III standing.

**C. Attorneys' Fees**

ICON argues that Portillo failed to allege sufficient facts in support of his claim for attorneys' fees pursuant to California Code of Civil Procedure § 1021.5. (Mot. 24.) ICON also claims that Portillo is not entitled to attorneys' fees because he is not yet a successful party. (*Id.*)

Under section 1021.5, a successful party may recover attorneys' fees from its opponent "in any action which has resulted in the enforcement of an important right affecting the public interest." In making such an award, courts must consider whether:

> (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

Cal. Civ. Proc. Code § 1021.5.

ICON's arguments border on frivolous. First, ICON cites no authority in support of its argument that Portillo failed to plead his claim for attorneys' fees properly. Indeed, courts have held that there is no requirement to plead requests for section 1021.5 attorneys' fees in a complaint at all. *See, e.g.*, *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36 Cal. App. 5th 970, 993 (2019) (affirming award of attorneys' fees under section 1021.5 even though plaintiff's prayer contained only a boilerplate request "for such damages and other and further relief as the Court deems just and proper"); *Snatchko v. Westfield LLC*, 187 Cal. App. 4th 469, 497 (2010) ("Such fees are not part of the underlying cause of action, but are incidents to the cause and are properly awarded after entry of a . . . judgment." (internal quotation marks and alteration omitted)).

Similarly, ICON's argument that Portillo is not entitled to attorneys' fees because he is not a successful party is, at best, premature. Parties frequently include requests for attorneys' fees in their initiating papers. The Court cannot fathom how ICON could have possibly understood that Portillo was requesting that it pay attorneys' fees at this stage of the litigation.[2]

Accordingly, the Court finds no issue with Portillo's requests for attorneys' fees in his Complaint.

---

[2] ICON also argues that attorneys' fees are improper because the exemption under CPC § 632.7(b)(2) applies here. (Mot. 25.) This argument fails because the Court already determined that the exemption is not applicable.

**D.     Class Treatment**

Finally, ICON moves to strike Portillo's class allegations because the class that he seeks to represent is not ascertainable. (Mot. 26-27.) According to ICON, Portillo should have addressed in his Complaint how he plans to determine (1) whether a class member used a wireless phone to make the recorded call and (2) that the individual resided in California at the time of the call. (Mot. 27.)

Although not mentioned in Rule 23(a), some district courts have required that the moving party must also demonstrate the class is "ascertainable." *See, e.g.*, *Tietsworth v. Sears, Roebuck and Co.*, No. CV 09-288 JF (HRL), 2013 WL 1303100, at *3 (N.D. Cal. Mar. 28, 2013) (assessing ascertainability at certification stage); *Keegan v. Am. Honda Motor Co., Inc.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012) (same); *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) (same). Recently, the Ninth Circuit indicated that it has not explicitly adopted an "ascertainability" requirement, but that "ascertainability issues" are addressed through analysis of Rule 23's enumerated requirements. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017).

Courts are hesitant to strike class allegations before the parties have had an opportunity to go through the class certification process. *See, e.g.*, *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, (C.D. Cal. 2011) (compiling cases). Here, ICON has yet to answer the Complaint, and discovery has not begun. The issues that ICON raises require a fact-intensive analysis that is premature at the pleading stage of litigation. *See In re Wal-Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) ("[T]he granting of motions to dismiss class allegations before discovery has commenced is rare."). Accordingly, the Court finds that ICON is premature in its challenge to the ascertainability of Portillo's putative class.

## VI.  CONCLUSION

For the foregoing reasons, Defendant ICON's Motion to Dismiss is **DENIED**. ICON shall file an Answer to the Complaint within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

December 16, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**